## JOHN R. PRENTISS, ETC., v. SAMUEL SANDERS.

**Infants—Suit to Confirm Sale of Land.**

In a suit in equity to confirm the sale of infant's lands it can not avail the plaintiff that no objection was made by the infants to the order declaring the sale, nor to the one affirming it.

**Infants—Sale of Infants' Lands.**

Where S. joined in an application to have land of infants sold, it impliedly raises an implication on his part to bid for the land the amount which he had promised to pay for it.

**Infants—Bid for Lands.**

Where one, by joining in an application for the sale of infants' lands, promised to bid them in at their full value, but refused to do so, and only bid about two-thirds the actual value, he will be required to increase his bid to the amount which he originally agreed to pay with interest from the time the deferred payments would have fallen due, or lose his right under his bid.

APPEAL FROM OWEN CIRCUIT COURT.

January 12, 1873.

OPINION BY JUDGE LINDSAY:

It is evident from the original petition filed in this case, in which petition the appellee, Sanders, joined, that the object of this proceeding was to have the sale to Sanders by John R. and Luther R. Prentiss ratified and confirmed by the court of chancery.

The fact that Sanders joined in the application to the chancellor to have the interests of the two infants, Houghton I. and Carrie A. Prentiss, sold, raised by implication a promise upon his part to bid for the land the amount he had previously agreed to pay for it. The assurance thus made to the chancellor that the lands of these infants would certainly be sold for their full value may have exercised a controlling influence in inducing him to render the judgment for the sale thereof. These lands have been three times offered for sale under a judgment rendered at the instance of Sanders, and he has three times failed and refused to comply with his express agreement with John R. and Luther R. Prentiss and his implied agreement with the chancellor, and is now attempting to hold the lands of the infant appellees under a sale at which he agreed to pay scarcely two-thirds of their value. It does not avail him that no

objection was made by the infants to the order directing the last sale, nor to the order confirming it. They can not be prejudiced by the failure of those representing them to object to these orders. In a case like this it is the duty of the chancellor to see that their interests are protected, and as it is manifest that if the sale to Sanders be permitted to stand, they will get under it greatly less than the value of their estate, and therefore, such sale ought not to have been confirmed. Wherefore that order confirming it is reversed. Upon the return of the cause the original proceeding will be stricken from the docket and no further steps will be taken to carry into execution the judgment of sale, unless the appellee, Sanders, will increase his bid to the amount he originally agreed to pay, with interest thereon from the time the two deferred payments would have fallen due.

If he fails to do this within a reasonable time the infants should have the partition prayed for by them and the contract of sale between John R. Prentiss and Sanders should be rescinded upon equitable terms, the court being careful to see that no steps are taken to the prejudice of the infant appellants. They should be allowed a fair rent for their lands, and should account for no improvements or ameliorations that do not actually add to the vendible value of their estate, and in no state of case shall they be held to account for improvements exceeding the rents adjudged to be due them.

*Scott, for appellant.*

*Drane, Ford, for appellee.*